Although I agree that the classes Nelson taught were public education and that Nelson is a teacher covered by the teacher tenure laws, I must respectfully dissent from the affirmance of the trial court's finding that Nelson is not a tenured teacher because she did not work under a "written" contract with the school board for the necessary period of time to satisfy Ala. Code 1975, § 16-24-2(a). The statute does not contain the word "written." Instead, it states: "Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system for the succeeding school year." § 16-24-2(a) (emphasis added). Nelson entered into a contract with the Board in 1983. That original contract required her to teach in the Job Training Partnership Act (JTPA) program. Thereafter, she continued to be employed by the Board, teaching various adult education classes.
In 1986, Nelson was still employed by the Board, and she began teaching the expectancy class. As Judge Wright holds, that class is a public school program. She was reemployed or renewed for the 1986-87 school year, the 1987-88 school year, and the 1988-89 school year. At some point, the Board and Nelson entered into another contract, this one covering the 1988-89 school year and providing Nelson more pay. In May 1989, the Board informed Nelson that her contract would not be renewed.
The Board admitted that Nelson was its employee. In fact, in its motion for summary judgment, the Board admitted that Nelson met the requirement of being employed under contract for the appropriate time period.
Judge Wright apparently does not consider the original contract, which was renewed by Nelson's continued employment, sufficient to confer tenure. I disagree. Nelson's continued employment by the Board in a public school program entitles her to tenured status under the law. See Ala. Code 1975, §16-24-12 (stating that a teacher is deemed to be offered reemployment for the succeeding year at the same salary if the school board does not notify him or her in writing of the non-renewal of the contract). Therefore, I would reverse the trial court's judgment.